UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE T. JORDAN-EL,

        Plaintiff,

v.                              CASE NO. 16-10761
                                  HONORABLE GERALD E. ROSEN

WESTERN REGIONAL
JAIL OFFICER WHITE,

        Defendant.

_____/

## ORDER TRANSFERRING CASE
## TO SOUTHERN DISTRICT OF WEST VIRGINIA

In a *pro se* complaint filed with this Court on March 1, 2016, Plaintiff
Simone T. Jordan-El has asserted federal civil rights claims under 42 U.S.C.
§1983, as well as state-law claims of intentional infliction of emotional distress and
assault and battery.   The sole defendant named in Plaintiff's complaint is a
corrections officer, identified only as "Officer White," who is employed at the
Western Regional Jail facility in West Virginia.   Plaintiff's claims arise from his
alleged mistreatment by fellow inmates while he was incarcerated at the Western
Regional Jail in January and February of 2014, and he alleges that certain actions
taken by Officer White either led to or exacerbated this mistreatment.   Although
these claims concern incidents that allegedly occurred in a West Virginia

correctional facility, and although Officer White presumably resides near this West Virginia facility, Plaintiff evidently elected to bring the present suit in this Court because he planned to return to his home in Farmington Hills, Michigan upon his scheduled March 1, 2016 release from a different West Virginia correctional institution, the Northern Correctional Facility.  As discussed briefly below, the Court finds that it lacks personal jurisdiction over Officer White and that venue is improper in this District, and it therefore elects to transfer this case to the United States District Court for the Southern District of West Virginia.

As the Supreme Court has explained, "[t]he Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181 (1985) (internal quotation marks and citation omitted.)  Thus, a defendant must have minimum contacts with the forum State in order for the exercise of personal jurisdiction to be deemed reasonable and fair. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945); *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).  The plaintiff in a federal civil action must demonstrate that the court in which he brings his suit has personal jurisdiction over the defendants.  See *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996).  Moreover, the Court must inquire into the existence of

2:16-cv-10761-GER-MKM   Doc # 4   Filed 05/10/16   Pg 3 of 5   Pg ID 24

personal jurisdiction before the proceedings to the merits of the case.  See Bird v.

Parsons, 289 F.3d 865, 872-73 (6th Cir. 2002).

In this case, Plaintiff's allegations fail to provide any basis for concluding

that Officer White has the requisite minimum contacts – or, indeed, any contact at

all – with the State of Michigan, such that it would comport with due process for

this Court to exercise personal jurisdiction over him.  The incidents giving rise to

Plaintiff's claims occurred exclusively in West Virginia, and Officer White was

employed at the relevant time as a correctional officer at a facility located in that

State.  The Court thus concludes that it lacks personal jurisdiction over the sole

defendant named in Plaintiff's complaint.  *See* Mich. Comp. Laws § 600.705

(Michigan's long-arm jurisdiction statute); *see also MLS National Medical

Evaluation Services, Inc.  v. Templin*, 812 F. Supp.2d 788, 795 (E.D. Mich. 2011)

(explaining that Michigan's long-arm statute "has been interpreted as conferring

upon Michigan courts the maximum scope of personal jurisdiction permitted by the

Due Process Clause of the Fourteenth Amendment" (internal quotation marks and

citations omitted)).

Even if the Court were satisfied that it could exercise personal jurisdiction

over Officer White, venue is not proper in this District.  The venue determination

in this case is governed by 28 U.S.C. § 1391(b), which provides in pertinent part

that the present suit may be "brought in … (1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which substantial part of the events of omissions giving rise to the claim occurred…."[1]  When venue is improper, a court may either dismiss the case or, in the interests of justice, transfer the suit to a district in which it could have been brought.  28 U.S.C. § 1406(a). Moreover, a court may *sua sponte* transfer a case for improper venue.  *See Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Having reviewed Plaintiff's complaint, the Court finds that it is in the interests of justice to transfer this suit to the Southern District of West Virginia. The incidents giving rise to this action occurred at a correctional facility located in that District, and the sole defendant, Officer White, was employed at that facility and likely resides in that District.  Accordingly, for these reasons,

---

[1] The statute also includes a catchall provision that applies in the event that "there is no district in which an action may otherwise be brought" in accordance with subsections (b)(1) or (b)(2).  28 U.S.C. §1391(b)(3).  This catchall provision does not apply here, however, where venue clearly would be proper in the Southern District of West Virginia under subsection (b)(2), and likely under subsection (b)(1) as well.

NOW, THEREFORE, IT IS HEREBY ORDERED pursuant to 28 U.S.C. § 1406(a) that this case be TRANSFERRED to the United States District Court for the Southern District of West Virginia.[2]

Dated:  May 10, 2016                          s/Gerald E. Rosen
                                              United States District Judge



I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 10, 2016, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5135

---

[2] The Court emphasizes that it makes no determination as to the merits of Plaintiff's claims, nor does it express any view as to the proper disposition of Plaintiff's request to proceed *in forma pauperis*.  Rather these matters are left for consideration by the transferee court.